Barros *v.* Vicente Et Al.

Apelación procedente de la Corte de Distrito de San Juan.

No. 69.—Resuelto en Octubre 30, 1903.

Allanamiento del Demandado.—El allanamiento en su significación jurídica equivale á la conformidad del demandado con lo solicitado y pedido por el actor.

Interpretación de Contratos.—Las estipulaciones contenidas en un contrato deben entenderse é interpretarse con sujeción extricta á sus propios términos, y no deben aplicarse á casos ó cosas que los contratantes no determinaron expresamente.

EXPOSICIÓN DEL CASO.

En el juicio seguido en el Tribunal de Distrito de San Juan, entre partes, de la una Don Emilio Barros Rodríguez, como demandante, cuya representación y defensa ha llevado ante esta Corte Suprema el Letrado Don Rafael López Landrón, y de la otra, como demandados, Don Vicente de Vicente y Vicente, Don Joaquín Fontán y Ozores, Don Severo de Vicente y Vicente, Don Evaristo Freiría y Rolán y Don Ramiro Rodríguez y Ozores, representados y dirigidos por el Letrado Don Wenceslao Bosch, sobre cumplimiento de un contrato é indemnización de daños y perjuicios, cuyo pleito pende ante Nos á virtud de recurso de casación por infracción de ley, hoy de apelación, interpuesto por la parte demandante contra la sentencia pronunciada por el expresado Tribunal de Distrito, la que literalmente dice así:

"En la Ciudad de San Juan de Puerto Rico, á 26 de Septiembre de 1902.

Vistos estos autos de juicio declarativo seguidos entre partes, de una Don Emilio Barros y Rodríguez, vecino y comerciante de esta Capital, dirigido y representado por el Letrado Don Rafael López Landrón, como demandante,

## BARROS *v.* VICENTE ET AL.

## APPEAL from the District Court of San Juan.

No. 69.—Decided October 30, 1903.

CONSTRUCTION OF AGREEMENT—The limit and extent of the stipulations of the parties in an agreement must be understood and explained according to the terms of the instrument containing the same, and without applying them to things or cases not expressly provided for therein.

STATEMENT OF THE CASE.

"In the City of San Juan, Porto Rico, September twenty-sixth, one thousand nine hundred and two. The hearing having been had in this declaratory action prosecuted by Emilio Barros y Rodriguez, a resident and merchant of this City, represented by his counsel, Rafael López Landrón, as plaintiff, and Evaristo Freiría y Rolán, Ramiro Rodríguez y Ozores and Severo de Vicente y Vicente, merchants of this City, represented by their counsel Wenceslao Bosch, as defendants, for the fulfillment of a contract and indemnification for damages and losses.

Emilio Barros y Rodríguez brought an action in this court against Emilio Rolán y Vicente, Evaristo Freiría y Rolán and Ramiro Rodríguez Ozores, to compel them to act in accord with him in all the operations and transactions that may be effected for the liquidation of the firm business of "Sucesores de Vicente & Co., *en liquidación*", leaving without effect all that have been carried out without his intervention, including the payment made to

y de otra Don Evaristo Freiría y Rolán, Don Ramiro Rodríguez y Ozores, Don Vicente de Vicente y Vicente, Don Joaquín Fontán y Ozores y Don Severo de Vicente y Vicente, comerciantes de esta Capital, dirigidos y representados igualmente por el Letrado Don Wenceslao Bosch, como demandados, sobre cumplimiento de un contrato é indemnización de daños y perjuicios.

*Resultando:* que Don Emilio Barros y Rodríguez demandó ante este Tribunal á Don Emilio Rolán y Vicente, Don Evaristo Freiría y Rolán y Don Ramiro Rodríguez Ozores, para que se les condene á proceder de acuerdo con aquél en todas las operaciones y gestiones que hayan de efectuarse para la liquidación del haber social de Sucesores de Vicente & Co., en liquidación, dejando sin efecto todas las llevadas á cabo sin ese requisito, incluso el pago á Don Deogracias Querol, y otorgando demandante y demandados la escritura de compromiso para todos los casos de desacuerdo, ó la rescisión en su defecto, con expresa indemnización de daños y perjuicios en todo caso, y pago de las costas á cargo de los demandados.

*Resultando:* que los hechos de la demanda, son: que por escritura otorgada ante el Notario Don Mauricio Guerra, el 13 de Septiembre de 1900, inscrita en el Registro mercantil, Don Emilio Rolán, como apoderado de Don Vicente de Vicente y Vicente, de Don Joaquín Fontán y Ozores y de Don Severo de Vicente y Vicente, Don Evaristo Freiría y Rolán, Don Ramiro Rodríguez y Ozores y el demandante, declararon disuelta la razón social Sucesores de Vicente y Compañía; que en la cláusula segunda de esa escritura así se declaró, instituyendo liquidadores con estas palabras: manifiestan los comparecientes quedan de liquidadores los cuatro comparecidos, teniendo todos indistintamente el uso de la firma social "Sucesores de Vicente y Compañía, en liquidación"; en la cláusula sexta: "los cuatro liquidadores procederán de acuerdo en todas las operaciones y gestiones que hayan de efectuarse para la liquidación, y las diferencias que surjan entre ellos las someterán al fallo de amigables componedores, nombrados, tres, por Don Emilio Rolán, por representar tres interesados, y uno, por cada uno de los restantes liquidadores, y por empate se nombrará á la suerte entre seis comerciantes y debiendo hacerse los nombramientos en los tres días desde que uno de los liquidadores requiera á los demás, quedando prohibido acudir á los Tribunales, y en la séptima, "que caso de ausencia ó enfermedad, ó si lo creyere conveniente uno de los liquidadores, podrá nombrar persona que lo sustituya que no podrán rechazar los otros sin causa legítima y si hubiere diferencia en ello podrá acudirse al Tribunal de amigables componedores, y caso de hacer dicho nombramiento, será firme y eficáz lo que hagan los demás liquidadores: que surgieron desacuerdos entre el actor y sus coliquidadores tocante al pago de Querol y en otras operaciones, y aprovechándose los demandados de la salida indispensable del demandante á pueblo inmediato á esta Ciudad sin dilatar su regreso pagaron á Querol, sin

Deogracias Querol, both plaintiff and defendants to execute a deed of compromise in all cases of disagreement, or a rescission in default thereof, with express indemnity in all cases, and payment of costs by defendants.

The facts set up in the complaint are as follows : By deed executed before notary Mauricio Guerra, on September 13, 1900, recorded in the Commercial Register, Emilio Rolán, as attorney-in-fact of Vicente de Vicente y Vicente, Joaquín Fontán y Ozores, Severo de Vicente y Vicente, Evaristo Freiría y Rolán, and Ramiro Rodríguez y Ozores and the plaintiff, declared that the firm of "Sucesores de Vicente & Co." had been dissolved; that it was so declared in clause 2 of said deed, liquidators being constituted in the following words : "The parties appearing state that all four are appointed liquidators, with the right to use, indiscriminately, the firm signature of "Sucesores de Vicente & Co., *en liquidación;*" in clause 6 : "the four liquidators shall act by common consent in all the operations and transactions to be carried out for the purposes of the liquidation, and such differences as may arise among them shall be submitted to the decision of friendly arbitrators to be appointed, three by Emilio Rolán, because he represented three of the interested parties, and one by each of the other liquidators, and in case of a tie vote one more person shall be appointed by drawing lots among six merchants, the appointments to be made within three days after any of the liquidators shall have summoned the others for the purpose; resort to courts of justice being forbidden ;" and in clause 7 : that "in case of absence or sickness, or if any of the liquidators should think it advisable, he may appoint a person to act as his substitute whose appointment can not be rejected by the others without good cause, and should there be any disagreement in regard to such appointment, resort may be had to the tribunal of friendly arbitrators, and in the absence of such appointment, whatever is done by the other liquidators should be final and binding ;" that disagreements arose between the plaintiff and his co-liquidators in regard to the payment of Querol and other transactions, and defendants, taking advantage of plaintiff's necessary trip to a neighboring town, to return shortly after, paid Querol, without referring the matter to the friendly arbitrators, and continued to perform acts of liquidation without first obtaining plaintiff's consent; that plaintiff, on March 21 last, called upon the liquidators to comply with the terms of the contract according to an instrument drawn up by Notary Herminio Díaz Navarro, wherein they were notified that if they performed any act without the consent of Barros, they would be held liable for damages, and as they have continued to act by themselves alone, when not legally justified by plaintiff's absence, defendants have violated the contract and are liable for damages. In support of his claim plaintiff cited articles 57 and 227 of the Code of Commerce, 2, 1101 and 1124 of the Civil Code, 790 to 796 and 827 of Civil Procedure, the legal meaning of absence, and clause 6 of the deed of dissolution.

determinarlo los amigables componedores, y continúan verificando actos de liquidación sin previo consentimiento del actor; que éste requirió á los liquidadores en 21 de Marzo último para que se sujetaran al contrato, según acta levantada por el Notario Don Herminio Diaz Navarro, previniéndoles se abstuvieran de ejecutar acto alguno sin consentimiento de Barros, bajo protesta de daños y perjuicios como continuaran por sí sólos las operaciones, no tratándose de caso jurídico de ausencia, han quebrantado los demandados el contrato é incurrido en los daños y perjuicios: siendo el derecho los artículos 57 y 227 del Código de Comercio, los 2, 1101 y 1124 del Código Civil, los 790 á 796 y 827 del procedimiento civil, el concepto legal de ausencia y la cláusula sexta de la escritura de disolución.

*Resultando:* que los demandados contestaron la demanda pidiendo se declare no haber lugar á la demanda en el extremo de la súplica que dice: "procedan los demandados de acuerdo con el actor en todas las operaciones de la liquidación, dejando sin efecto todas las efectuadas sin ese requisito, inclusa la de Querol", por ser incompetente el Tribunal para hacer tal declaración; sin lugar la indemnización de daños y perjuicios á favor del actor; que ha lugar á otorgar la escritura de compromiso para resolver las diferencias suscitadas con motivo de la liquidación y procede la reconvención que establece, condenando al actor al pago de mil dollars por perjuicios al llevarse la llave de la Caja al ausentarse sin dejar quien lo representase, imponiéndole las costas.

*Resultando:* que fundan esas pretensiones en los hechos siguientes: Otorgamiento de la escritura de disolución de Sociedad y estipulaciones en ella consignadas, segunda, sexta y séptima de contrario citadas con las que está conforme; agregando que por escritura de 2 de Octubre de 1901, Don Emilio Rolán, como apoderado de los que en la escritura de disolución figuran, cedió á los Sres. Troncoso Hermanos y Compañía cuantos derechos y acciones correspondían á sus mandantes en la disuelta, y en su virtud los únicos liquidadores son el referido Troncoso, Freiría, Barros y Don Ramiro Rodríguez; que la ausencia del actor de la Capital fué definitiva, abandonando la liquidación y llevándose la llave de la Caja, comprobando las cartas que acompañan que la ausencia duró cinco meses, desde Octubre á Noviembre del año anterior hasta Marzo último, acreditando además se llevó la llave de la Caja y el abandono dicho: que de otra carta se ve que de los demandados fué la idea del nombramiento de amigables componedores y aunque no había diferencias entre los liquidadores por ser válido lo por éstos acordado, quisieron someterle la conducta de Barros iniciando al efecto las oportunas diligencias, que por ello no se oponen á ese nombramiento, pero sí á que quede sin valor lo ejecutado sin acuerdo de Barros incluso el pago á Querol y negando los hechos de la demanda opuestos á los que explanan y estimando los perjuicios en mil dollars por la ausencia de Barros

Defendants answered the complaint praying that the same be dismissed as to that portion of it which reads: "to compel defendants to act in accord with plaintiff in all the operations and transactions that may be effected for the liquidation, leaving without effect all that have been carried out without his intervention, including the payment made to Querol," inasmuch as the court is not competent to render such a decision; that the indemnity demanded by plaintiff be denied; that the complaint be sustained as to the execution of the deed requiring differences to be submitted to the decision of arbitrators, as also defendants' counterclaim, the court being prayed to adjudge the plaintiff to pay one thousand dollars damages for taking with him the key of the safe when he went away, without leaving any one to represent him, and that the costs be taxed against him.

Defendants based their claims upon the following facts: The execution of the deed of dissolution of the firm and the stipulations therein contained under clauses 2, 6 and 7, quoted by the plaintiff, upon which they are agreed; adding that by deed of October 2, 1901, Emilio Rolán, as attorney-in-fact of parties to the deed of dissolution, assigned to Troncoso Hermanos & Co., all the rights and actions appertaining to his principals in the dissolved firm, and consequently the only liquidators are the aforesaid Troncoso, Freiría, Barros and Ramiro Rodríguez; that the plaintiff's absence was absolute, he having abandoned the liquidation and taken with him the key of the safe, the accompanying letters showing that said absence lasted five months from October or November of the preceding year to March last, and further that he continued in his absence with the key and abandonment of the liquidation, that by another letter it is seen that the idea of naming friendly arbitrators originated with the defendants, and although there were no disagreements among the liquidators, all their actions taken being valid, they desired to submit Barros' conduct to said arbitrators for which purpose the necessary steps were taken; thus, then, they do not oppose the appointment of arbitrators, but object to the proposition that everything done without Barros' consent, including the payment made to Querol, should be rendered null and void. They deny all the facts set forth in the complaint which are contrary to their statement, estimate the damages caused by Barros to be one thousand dollars, in absenting himself and taking away the key of the safe, and cited as the law governing the matter, article 56 of the Code of Commerce, the contract of dissolution, the meaning of absence, and the court's lack of jurisdiction in the premises, inasmuch as any disagreements must be decided by friendly arbitrators.

With their answer to the complaint defendants filed the deed of dissolution, the clauses whereof, which are essential to the point, are sustained and alleged by both parties, namely, aforesaid assignment to Troncoso Hermanos; Querol's receipt for services rendered as a collector for "Sucesores de Vicente &

llevándose la llave de la Caja, sientan como derecho: el artículo 56 del Có-
digo de Comercio, el contrato de disolución, el significado de la ausencia y la
incompetencia del Tribunal por deberse resolver las diferencias por amiga-
bles componedores.

*Resultando:* que con dicha contestación á la demanda se acompaña la
escritura de disolución cuyas cláusulas esenciales al punto sostienen y expre-
san ambas partes: la de cesión á Troncoso Hermanos, referida; el recibo de
Querol por servicios prestados durante dos años en comisiones de cobros á
Sucesores de Vicente y Compañía, en liquidación y las cartas producidas
reconociendo el demandante la de 4 de Febrero último que el confesante
dirigiera desde el Corozal á Vicente y Compañía, en liquidación, contesta-
ción á la de 31 de Enero que los últimos le dirigieron y en la que dice:
"como quiera que desde el último reparto no he tenido ingerencia en los
cobros ni en los asientos en los libros, de ahí que pida no sólo que com-
prenda lo cobrado sino todo asiento verificado."

*Resultando:* que conferido traslado de la reconvención, el actor se opone
á ella pidiendo se declare sin lugar con las costas, basado en que puesta la
Sociedad en liquidación no se guardaban fondos en la Caja que se vendió, y
que el haberse Barros llevado la llave no obstaculizó la venta ni perjudicó
nada, alegando como derecho que quien cumple sus obligaciones no responde
de daños y perjuicios y menos si no los ha causado.

*Resultando:* que abierto á prueba, de las del actor consta: el acta de pro-
testa por el demandante referida en su demanda; exhibición por los deman-
dados de los libros de la liquidación anotándose las partidas y aparecen
llevados con las formalidades de la ley, no encontrándose cuentas de supues-
tos trabajos hechos por Querol por manifestar que sólo consta por copia de
cartas y gestiones hechas en los juzgados: el gerente de Troncoso Hermanos
confiesa no han tenido diferencias con Barros sobre la cuenta de Querol;
que al presentarse aquél mostró su inconformidad por el pago á Querol; que
citaron á Barros para varias cuestiones y éste tenía la llave de la Caja;
cuatro testigos declaran conocer á Barros como comerciante, dos, que ha
ido al Corozal, y dos, no saben si tiene domicilio fuera de la Ciudad.

*Resultando:* que de la prueba de los demandados aparece la certificación
del Secretario del Juzgado Municipal de Catedral, insertando copia del
escrito de los liquidadores, solicitando se haga saber á Barros, vecino del
Corozal, que dentro del tercero día del requerimiento se persone á otorgar la
escritura de compromiso designando amigables componedores y puntos que
deban resolver por las dudas surgidas en la liquidación, á cuyo escrito se
proveyó en 4 de Marzo último de conformidad librándose el exhorto: la
confesión de Barros además del reconocimiento de la carta referida en el
quinto resultando exponiendo no estaba presente cuando el pago á Querol
con el que no estaba conforme: que para este juicio lo han citado en

Ca., *en liquidación*," and the letters produced, the plaintiff acknowledging the one addressed by him from Corozal, under date of February 4 last, to " Vicente & Co., *en liquidación*," replying to one dated January 31, received by him from the latter, and in which he says : "inasmuch as since the last distribution I have had no intervention in the collections or in the entries made in the books, I ask not only that the sums collected be included but also all the entries made."

The plaintiff being duly notified of the counterclaim, contested the same and prayed that it be dismissed with costs, on the grounds that the firm having been put in liquidation, no funds were kept in the safe, which was sold, and the fact of Barros' carrying away the key did not interfere with the sale nor cause any harm, alleging the principle of law that a person who fulfills his obligations is not liable for damages, especially when he has caused none.

The introduction of evidence having been ordered, that of plaintiff consists of the act of protest entered by plaintiff, referred to in the complaint; the exhibition by defendants of the books of the liquidation, for the purpose of checking the entries, which books appear to have been kept in accordance with the legal requirements, there appearing no accounts of the supposed services rendered by Querol, it being explained that these are referred to only in the letters and were rendered mostly in court proceedings; the manager of Troncoso Hermanos admits that they have had no differences with Barros on the subject of Querol's account; that when the former made his appearance he evinced his opposition to any payment being made to Querol; that Barros had been summoned for the discussion of various matters, and that he had with him the key to the safe; four witnesses testified that they know Barros as a merchant, two that he has moved to Corozal, and two that they do not know whether he resides out of the city.

The evidence presented by defendants was : the certificate of the clerk of the Municipal Court of the Cathedral District, containing a copy of the petition of the liquidators praying that Barros, a resident of Corozal, be summoned to appear within three days for the purpose of executing the document designating friendly arbitrators and settling doubtful points that had arisen in connection with the liquidation, in compliance with which petition the court issued letters requisitorial on March 4 last; Barros' confession, in addition to his acknowledgement of the letter referred to in the fifth finding of facts wherein he states that he was not present when the payment to Querol was made, to which he was opposed ; that for the present suit, summons had been served upon him in Corozal ; that he does not go to Vicente's house where the liquidation is being carried out, because it is not necessary for him to do so, and he did not give his assent to the appointment of friendly arbitrators on account of the nature of the letter in which he was asked to do it.

el Corozal: que no va á la casa del Sr. Vicente, donde se practica la liqui-dación, porque no le es necesario y no se avino al nombramiento de amigables componedores por la índole de la carta en que se le pedía.

*Resultando :* que señalado día y hora para el juicio las partes sostuvieron sus respectivas pretensiones.—Siendo Ponente el Juez Presidente Don Juan Morera Martínez.

*Considerando :* que el allanamiento en su significación jurídica equivale á la conformidad de los demandados con lo solicitado y pedido por el actor, y estando las partes conformes en el otorgamiento de la escritura de compromiso para resolver las diferencias suscitadas con motivo de la liquidación, cumplen y respetan la cláusula sexta de la escritura de disolución y no infringen el contrato, ley para ellos en la materia.

*Considerando :* que los compromisos en amigables componedores producen todas las consecuencias que las demás obligaciones, y como en éstas han de entenderse y explicarse los límites y extensión de las estipulaciones de las partes, atendiendo al tenor de la escritura en que se hayan consignado, sin extenderlas á cosas y casos que no estén comprendidos en ella expresamente; por ello y porque interín no se formalice la escritura de compromiso y resuelvan los amigables componedores esas diferencias y cuestiones planteadas ó se declare nulo el sometimiento, si aquel no se formaliza, este Tribunal no puede resolverlas.

*Considerando :* que por esas razones era imposible declarar la incompetencia del Tribunal que el demandado pretendia, porque era preciso ver y examinar todas las cuestiones planteadas, las que vienen á ser desacuerdos en las operaciones y gestiones para la liquidación, daños y perjuicios reclamados recíprocamente, el uno como acción y el otro por reconvención, y si está bien ó mal efectuado el pago á Don Deogracias Querol, cuestiones que de lleno todas caben dentro de la cláusula sexta del contrato de disolución.

*Fallamos:* que debemos declarar y declaramos con lugar la demanda en el extremo de que demandante y demandados otorguen la escritura de compromiso para que los amigables componedores resuelvan todos los casos de desacuerdo entre los liquidadores y en especial los planteados en la demanda, contestación y reconvención que no decide esta sentencia, en cuyo extremo condenamos á demandante y demandados, declarando sin lugar á resolver las demás cuestiones planteadas por actor y demandado por deberse someter á los amigables componedores, sin especial condena de costas.

Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.— Juan Morera Martínez.—Henry F. Hord.—Juan J. Perea. Publicación: Leída y publicada fué la anterior sentencia por el Sr. Juez Presidente Don Juan Morera Martínez, en la audiencia pública de hoy 26 de Septiembre de 1902, certifico: Ramón Falcón".

*Resultando :* que contra esa sentencia interpuso la represen-

A day and hour having been set for the hearing, the parties maintained their respective claims. Presiding Judge Juan Morera Martinez prepared the opinion of the court.

Acquiescence, in its legal signification, means the agreement of the defendants to the request of the plaintiff, and the parties being agreed as to the execution of the deed designating arbitrators for the settlement of disagreements arising in connection witn the liquidation, they have complied with and respected clause 6 of the deed of dissolution and have not violated the contract, which is the law by which they are to be governed in the matter.

Submission to the decision of friendly arbitrators produces the same consequences as other obligations, and the limits and extent of the stipulations of the parties must be understood and explained according to the terms of the public instrument containing the same in the same manner as in other obligations, without applying them to things or cases not expressly provided for therein. For this reason, and because until the public instrument for the appointment of arbitrators has been duly executed, and the differences and questions arising are settled by the friendly arbitrators, or the submission to arbitrators is declared void by reason of the non-execution of said document, this court cannot pass upon them.

For the reasons stated above it was impossible to declare the incompetency of the court, as demanded by defendant, because it would be necessary to see and examine all the questions that have arisen, those that amount to disagreements as to the operations and steps taken for the liquidation, damages claimed by both parties, either as plaintiff in the complaint, or by counterclaim, as defendant, and as to whether the payment to Deogracias Querol was properly made or not, all of which questions come fully under clause 6 of the contract of dissolution.

We adjudge that we should sustain, and do sustain, the complaint as regards the execution by plaintiff and defendants of the public document submitting for decision to friendly arbitrators all disagreements arising among the liquidators, and especially those points set up in the complaint, in the answer thereto and in the counterclaim, which are not disposed of in this decision, and as to which we find against plaintiff and defendants, and dismiss the other matters submitted by the parties, which should be referred to the friendly arbitrators for decision; without special imposition of costs.

Thus by this our judgment we pronounce, command and sign—Juan Morera Martinez, Henry F. Hord, Juan J. Perea. Publication: The foregoing judgment was read and published by the presiding judge, Juan Morera Martinez, in open court this twenty-sixth day of September, 1902, to which I certify.—Ramón Falcón.

From this decision counsel for Emilio Barros Rodríguez

tación de Don Emilio Barros Rodríguez recurso de casación por infracción de ley que le fué admitido, habiendo sido elevados los autos á esta Corte Suprema con citación y emplazamiento de las partes; y personadas éstas, se entregaron los autos para instrucción á sus respectivos defensores en cumplimiento de lo dispuesto por la Ley votada por la Asamblea Legislativa de esta Isla, aprobada en 12 de Marzo último que convirtió esta Corte Suprema en Tribunal de Apelación, señalándose luego día para la vista que tuvo lugar sin que asistieran al acto los Letrados de las partes.

Abogado del apelante : *Sr. López Landrón.*

Abogado de los apelados : *Sr. Bosch.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal :

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando :* que los demandados se han allanado á la demanda en la parte relativa á que otorguen en unión del actor la correspondiente escritura de compromiso para resolver los casos de desacuerdo que entre ellos ocurran con motivo de la liquidación de la Sociedad "Sucesores de Vicente y Compañía", y por tanto respecto de tal extremo procede dictar fallo de conformidad con dicho allanamiento.

*Considerando :* que habiendo convenido y pactado los liquidadores de Sucesores de Vicente y Compañía, en la cláusula sexta de la escritura de disolución de dicha sociedad, que aquellos procederían de acuerdo en todas las operaciones y gestiones que hubieran de efectuarse para la liquidación, y que las diferencias que pudieran surgir entre los mismos se someterían al fallo de amigables componedores, atendida la generalidad de tal cláusula no cabe restringir sus efectos limitándola á casos que los contratantes no determinaron, y, por consiguiente, es obvio que sean cuáles fueran las diferencias que surjan entre los liquidadores de Sucesores de Vicente y Compañía con motivo de

took an appeal in cassation for error of law, which was allowed, the record being forwarded to this Supreme Court and the parties cited to appear. Upon the appearance of the parties the record was delivered to their respective counsel for their examination and information pursuant to the Act of the Legislative Assembly of this Island, establishing this Supreme Court as a court of appeals, approved March 12, 1903. A day was then set for the hearing, at which counsel for both parties failed to appear.

*Mr. López Landrón,* for appellant.

*Mr. Bosch,* for respondents.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court as follows:

The findings of fact contained in the judgment appealed from are accepted.

The defendants have acquiesced in the complaint as to the portion thereof which relates to the execution, together with the plaintiff, of the public document for submitting to the decision of arbitrators such differences of opinion as may arise among them with reference to the liquidation of the firm of "Sucesores de Vicente & Co.," and therefore judgment upon this point should be rendered in conformity with such acquiescence.

The liquidators of "Sucesores de Vicente & Co." having agreed and stipulated under clause 6 of the deed of dissolution to act by common consent in all the operations and transactions to be carried out for purposes of the liquidation, and that such differences as might arise among them should be submitted to the decision of friendly arbitrators, considering the general character of said clause, the effect thereof cannot be restricted by limiting the same to cases which the contracting parties had not provided for, and consequently it is obvious that whatever differences may arise among the liquidators of "Sucesores de Vicente & Co." with respect to the liquidation of said copartnership, the decision thereof should be submitted to friendly arbitrators.

la liquidación de esa sociedad, su decisión debe comprometerse en amigables componedores.

*Considerando :* que las cuestiones planteadas y debatidas en el juicio, á saber : nulidad de las operaciones y gestiones concernientes á la liquidación de Sucesores de Vicente y Compañía practicadas sin acuerdo del demandante, igual nulidad del pago de un crédito á Don Deogracias Querol, también verificado sin dicho acuerdo, é indemnización de daños y perjuicios que mutuamente se reclaman las partes, no son otra cosa que diferencias surgidas entre demandante y demandados con motivo de aquella liquidación, y que deben someterse para su decisión á juicio de amigables componedores, según lo estipulado en la referida cláusula sexta de la escritura de disolución de Sucesores de Vicente y Compañía.

*Vistos* los artículos 50 y 57 del Código de Comercio, y los 1091, 1281 y 1820 del Código Civil antiguo, concordantes con los 1058, 1248 y 1721 del moderno.

*Fallamos* que debemos condenar y condenamos á Don Evaristo Freiría y Rolán, Don Ramiro Rodríguez Ozores y Sucesores de Troncoso Hermanos y Compañía, como cesionarios éstos de Don Vicente de Vicente y Vicente, de Don Joaquin Fontán y Ozores y de Don Severo Vicente y Vicente, á que con el demandante Don Emilio Barros y Rodríguez comprometan en amigables componedores, según la cláusula sexta de la escritura de disolución de Sucesores de Vicente y Compañía, la decisión de las diferencias que entre ellos existan con motivo de la liquidación de dicha sociedad, y especialmente las cuestiones planteadas en el juicio sobre nulidad de los actos realizados sin acuerdo del demandante, sobre nulidad del pago hecho á Don Deogracias Querol y sobre indemnización mutua de daños y perjuicios, cuestiones que declaramos no haber lugar á resolver en el presente juicio, sin especial condenación de costas, en cuyos términos confirmamos la sentencia apelada, con las costas del recurso á cargo del apelante; y devuélvanse los autos al Tribunal de

The questions raised and discussed at the hearing, namely, the nullity of the operations and transactions with reference to the liquidation of "Sucesores de Vicente & Co.", effected without the consent of the plaintiff, the nullity of a payment to Deogracias Querol, also made without such consent, and the damages mutually claimed by both parties, are nothing more than differences arising between plaintiff and defendants in regard to the said liquidation, and should be submitted for decision to friendly arbitrators according to the stipulation contained in said clause 6 of the deed of dissolution of "Sucesores de Vicente & Co."

Distrito de San Juan con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Sulzbacher y MacLeary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.